Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922

Attorney for the Plaintiffs

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIRZA MINDS INC. an Illinois Corporation DBA as 1 FACE WATCH COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>KENVOX USA L.L.L.C., a Nevada Corporation, MARC RESNICK and JANE DOE RESNICK and the marital community composed thereof, CHERE RESNICK and JOHN DOE RESNICK and the marital community composed thereof, DAVID HERRERA and JANE DOE HERRERA and the marital community composed thereof, and JOHN DOES 1-6 and JANE DOES 1-6,<br><br>Defendants. | NO.<br><br>COMPLAINT FOR FRAUD, CIVIL CONSPIRACY, VIOLATION OF STATE AND FEDERAL RACKETEERING STATUTES; VIOLATION OF THE WASHINGTON CONSUMER PROTECTION ACT; VIOLATION OF STATE AND SECURITIES ACTS; IMPOSITION OF CONSTRUCTIVE TRUST; INJUNCTIVE RELIEF; BREACH OF FIDUCIARY DUTY; BREACH OF CONTRACT; AND INDEMNIFICATION<br><br>(JURY DEMAND) DAMAGES |

Plaintiff by and through its attorney of record, Vicky J. Currie;

## I. PARTIES

1.1 Plaintiff Mirza Minds Inc. d/b/a as 1 Face Watch Company, is a Corporation organized and

COMPLAINT
Page 1 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

existing under the laws of the State of Nevada, having its principle state of business in Lombard, Illinois. Mirza Minds Inc. is a foreign Corporation conducting business in Washington State.

1.2 Defendant Kenvox USA is a Nevada Corporation conducting business in the State of Washington.

1.3 Defendant Marc Resnick is a resident of California and co-owner of Kenvox USA. Defendant Jane Doe Resnick is believed to be a resident of the State of California. All acts, conducts and omissions of Defendants Marc Resnick and Chere Resnick alleged herein, were done on behalf of and for the benefit of the marital community.

1.4 Defendant Chere Resnick is a resident of the State of Washington and co-owner of Kenvox USA. Defendant John Doe Resnick is believed to be a resident of the State of Washington. All acts, conducts and omissions of Resnick alleged herein, were done on behalf of and for the benefit of the marital community.

1.5 Defendant David Herrera is a resident of the State of California. Defendant Jane Doe Herrera is believed to be a resident of the California. All acts, conducts and omissions of Defendant Herrera alleged herein, were done on behalf of and for the benefit of the marital community.

1.6 John Does 1-6 and Jane Does 1-6 are persons whose names are not presently known, but who participated and conspired with the above named defendants in the operation of the fraudulent scheme to steal the funds from Mirza Minds Inc. d/b/a 1 Face Watches.

## II.   VENUE AND JURISDICTION

2.1   Venue is proper under 28 USC § 1391 because all parties conduct business in Washington State and at least one of the defendants reside in Washington State.

2.2   Jurisdiction is proper under 28 USC § 1332, because Plaintiffs are foreign citizens or

COMPLAINT
Page 2 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

residents of other states, and the amount of controversy is more than $75,000.00, exclusive of interest and costs. This Court has jurisdiction on federal claims pleaded under 18 USC § 1963. 15 USC §§ 77 and 78, and supplemental jurisdiction over state law and common law claims pursuant to 28 USC § 1367.

### III.    STATEMENT OF FACTS

3.1    Mirza Minds Inc. d/b/a 1 Face Watches is an Illinois Corporation conducting business in Washington State. Mirza Minds sells and distributes 1 Face Watches for charity. Each watch purchase provides a portion of the sale for one of nine separate charitable causes; cancer, hunger, breast cancer, clean water, disaster relief, environment, AIDS, education, and animal rights.

3.2 In December of 2013, 1 Face Watches was contacted by Kenvox Hong Kong for the purposes of producing silicone Watches.

3.3 Kenvox Hong Kong introduced 1 Face Watches to their United States representative Mark Resnick. Defendant Resnick was employed with Kenvox to facilitate sales inside the United States.

3.4 Defendant Resnick and Mirza Minds Inc. d/b/a 1 Face Watches contracted for Kenvox to produce 50,000.00 watches and Kenvox agreed to produce a sample order of 12,000 watches.

3.5 Upon instruction from Marc Resnick, Mirza Minds Inc. d/b/a 1 Face Watches deposited $60,000.00 into a Sterling Savings Bank Account under the name of Kenvox USA and Chere Resnick, on December 3, 2013.

3.6 The sample order of watches was completed with 12,000.00 watches having been produced. The parties discussed the quality of the samples of which 52% of the watches were not working. The Defendant and plaintiff discussed changes and quality of the watches and agreed to move

COMPLAINT
Page 3 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

forward with the next order.

3.7 Defendant Resnick and Mirza Minds Inc. d/b/a 1 Face Watches contracted for Kenvox to produce an additional 50,000.00.

3.8 Upon instruction from Marc Resnick, Mirza Minds Inc. d/b/a 1 Face Watches deposited $189,900.00 into a Sterling Savings Bank Account under the name of Kenvox USA and Chere Resnick, on January 31, 2014.

3.9 Both orders of watches were scheduled to be completed by the end of March 2014 and defendants failed to produce any of the watches.

3.10 From March 2014 to August 2014 the plaintiff demanded that defendants comply with the contract and produce the remaining 50,000.00 watches. Defendant Marc Resnick continued to offer various reasons the orders were not completed.

3.11 Near the end of August 2014, Defendant Marc Resnick ceased all communication with the plaintiffs, refusing to respond to phone calls, emails and letters.

3.12 In April of 2014, Kenvox Hong Kong contacted plaintiffs informing them that Defendant Marc Resnick was no longer with Kenvox Hong Kong and had left the Company in December of 2013.

3.13 Plaintiffs discovered that defendants Marc Resnick, Chere Resnick and David Herrera had created a fictitious company Kenvox USA in order to defraud plaintiffs from funds intended for the purchase of watches from Kenvox Hong Kong.

3.14 Defendant Chere Resnick assisted in the fraud by creating a fictitious company with her co-conspirators Marc Resnick and David Herrera by concealing and using the funds for personal use.

COMPLAINT
Page 4 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

3.15    Defendant David Herrera assisted in the fraud by assisting in the creating a fictitious company with his co-conspirators Marc Resnick and Chere Resnick and by concealing and using the funds for personal use.

3.16    To date, defendants have not produced any of the remaining 50,000 watches and have disappeared with the funds provided for the manufacturing of the watches.

## IV LEGAL CLAIMS

### 4.1 Violation of Federal Racketeering Act (RICO), 18 USC § 1964, Washington Consumer Protection Act, RCW § 19.86, and Washington's "Little RICOO" Act, RCW § 9A 82.100(2)

As set forth above, Defendants conduct constitutes unfair and deceptive acts and practices in the conduct of business in the State of Washington and across state lines and Federal Borders. The actions of defendant constitute at least fraud, theft and conversion. Each defendant jointly engaged in the illegal enterprise consisting of taking the funds intended for the production of the watches for personal use. Defendant's jointly contributed to that enterprise by proven agency relationships and their conduct in inducing Mirza Minds Inc. d/b/a 1 Face Watches to pay for watches for which they had no method nor intention of producing. The public interest was affected, because these frauds are susceptible to repetition, and in fact occurred in two separate instances as required under RICO, which constitutes a pattern of racqueteering and wrongful conduct. Plaintiffs have suffered and will suffer finical loss and other damage to their property as a result of defendants' violations of these state and federal statutes.

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

### 4.2 Common Law Conversion

Defendants jointly converted Plaintiffs' monies on misrepresentations and omissions including, but not limited to the express and implied restrictions that:

The defendants did not have a relationship with Kenvox Hong Kong as claimed;

The defendants did not have a means to manufacture the watches;

The defendants took the funds but failed to produce the watches; and

The defendants have absconded with these funds.

Those representations were false and misleading. Defendants failed to disclose and took plaintiffs funds knowing that they did not have a relationship with Kenvox Hong Kong nor the means to manufacture the watches. Defendants have converted these funds obtained to their benefit or their own use and the use of others.

Plaintiff has been damaged by this fraud and is likely to suffer further damage in the form of legal expenses. For that reason, it is imperative that the Court restrain Defendants from transferring secreting or disposing of the proceeds of the fraud to transfer those proceeds to the registry of the Court.

### 4.3 Common Law Fraud

As set forth above, Defendants perpetrated fraud by engaging in a scheme to procure money by inducing payment with false statements regarding the manufacturing of watches intended for 1 Face Watches. Defendants hid the fact that Marc Resnick was not employed with Kenvox Hong Kong and did not have a method for manufacture of the watches. Defendants did this knowingly, willfully, and/or in reckless disregard of their obligations under the law, while having full knowledge of what those obligations were. Plaintiffs relied on Defendants

COMPLAINT
Page 6 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

compliance with their representations. That reliance was not unreasonable. As a result of that fraud, Plaintiffs have suffered and will suffer financial damages.

### 4.4 Civil Conspiracy

As set forth above, the named defendants Marc Resnick, Chere Resnick, David Herrera, and upon information and belief John and Jane Doe defendants, engaged in a civil conspiracy to conduct the fraud. They agreed with one another to engage in a fraud that violated state and federal statutory common law. That conduct constitutes an agreement to accomplish an unlawful objective, which is conspiracy. Plaintiffs have suffered and will suffer actual financial damage as a result of defendants' conspiracy.

### 4.5 Unjust Enrichment and Imposition of a Constructive Trust/Funds had and Received

As set forth above, Defendants obtained Plaintiffs' funds through a fraudulent investment scheme. They were unjustly enriched by the fraud. Since the funds were obtained as a result of fraud, Defendants do not own those funds, but rather hold them as a constructive trustees for 1 Face Watches. If the funds are not held in trust for benefit, Plaintiff will suffer additional and ongoing financial loss. The specific elements for the imposition of a constructive trust exist and are as follows:

a. Fiduciary Duty. Defendants owed fiduciary duties to plaintiffs to make fill disclosure of relevant facts and to refrain from misrepresentation with respect to any transaction affecting the corporate purpose.

b. Breach of Duty. Defendants breached their duties by creating the fraudulent scheme and making misrepresentations and non-disclosures to the Plaintiffs.

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

c. Reliance. Plaintiffs relied on Defendants to perform their fiduciary duties and to refrain from engaging in misrepresentations and fraudulent omissions.

d. Unjust Enrichment. As a result of their breaches of duty and engagement in a fraudulent scheme, Defendants were unjustly enriched and should be required to hold any proceeds of their scheme as trustees for the benefit of the Plaintiffs.

### 4.6 Injunctive Relief

In addition to imposing a constructive trust on Plaintiffs' funds wrongfully obtained by Defendants, the Court should order injunctive relief, including;

a. An accounting of Plaintiffs funds wrongfully taken:

b. An injunction restraining Defendants from converting, transferring, or secreting funds;

c. An injunction implementing a constructive trust and requiring Defendants to deposit any proceeds of their fraudulent scheme into the registry of the Court.

### 4.7 Breach of Fiduciary Duty

As set forth above, Defendants were acting as corporate officers and directors and/or consultants and owed Plaintiffs a fiduciary duty of loyalty, which included the duties to obey state and federal laws and regulations; to make disclosure of relevant facts; the duty to avoid misrepresentation; and the duty to protect Plaintiff's funds received. Defendants breached these duties by:

a. Engaging in and participating in a fraudulent scheme to obtain funds from 1 Face Watches;

COMPLAINT
Page 8 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

    b. Violating state and federal laws and regulations by engaging in the scheme to defraud 1 Face Watches.

    c. Failing to remit Plaintiffs funds.

4.8 Breach of Contract

As noted above, Defendants had a specific contractual duties to Plaintiffs with regard to their business relationships. Defendants breached these duties by:

    a. Engaging in and participating in the fraudulent scheme regarding 1 Face Watches intended purchase of 50,000 watches.

    b. Violating state and federal laws and regulations by engaging in the scheme to defraud 1 Face Watches.

    c. Failing to remit Plaintiffs funds.

## V. CONCLUSION

WHEREFORE Plaintiff prays for relief as follows:

1. For damages in an amount no less than plaintiffs deposited ($249,755.00) presently being held by the defendants.

2. For imposition of a constructive trust on all proceeds of Defendants fraudulent scheme and to freeze all of defendants assets;

3. For injunctive relief in aid of the constructive trust;

4. For an award of pre-judgment interest, and an award of attorney fees as allowed by contract or statute;

COMPLAINT
Page 9 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax

5. For punitive and exemplary damages as allowed by applicable state and federal law; and

6. For such other and further relief which may be deemed just and equitable.

DATED this 31st day of January, 2014.

                          Vicky J. Currie

                          _____
                          Vicky J. Currie, WSBA #24192
                          Attorney for Plaintiff

COMPLAINT
Page 10 of 10

Vicky J. Currie
Attorney at Law
732 Pacific Ave.
Tacoma, WA 98402
(253) 588-9922 Phone
(253) 983-1545 Fax