UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIRZA MINDS INC., an Illinois Corporation, D/B/A 1 FACE WATCH COMPANY, | No. 2:15-cv-00053-SAB |
| Plaintiff, | **ORDER ON MOTIONS TO DISMISS** |
| v. | |
| KENVOX US L.L.C., a Nevada Corporation,  MARC RESNICK and JANE DOE RESNICK and the marital community composed thereof, CHERE RESNICK and JOHN DOE RESNICK and the marital community composed thereof, DAVID HERRERA and JANE DOE HERRERA and the marital community thereof, JOHN DOES 1-6 AND JANE DOES 1-6, | |
| Defendants. | |

Before the Court is pro se Defendant Marc Resnick's "Request for Dismissal," ECF No. 13; Defendants David and Jane Doe Herrera's Motion to Dismiss for Lack of Jurisdiction, ECF No. 20; and pro se Defendant Chere

**ORDER ON MOTIONS TO DISMISS ^ 1**

Resnick's "Request for Dismissal," ECF No. 18. For the reasons stated below, the motions to dismiss filed by Marc Resnick and Chere Resnick, ECF Nos. 13 and 18, are **denied**; and the motion to dismiss filed by David and Jane Doe Herrera, ECF No. 20, is **granted**. The Court first considers the motions based on personal jurisdiction, ECF Nos. 13 and 20.

### Standard for Personal Jurisdiction

This federal court uses the long-arm statute of Washington State when considering personal jurisdiction, which runs to the full extent of federal due process. RCW 4.28.185(1); *Chan v. Soc. Expeditions, Inc.*, 39 F.3d 1398, 1405 (9th Cir. 1994). In considering motions to dismiss for lack of personal jurisdiction, the Court determines two issues in considering whether the Defendants have purposefully established the minimum contacts with the forum state necessary to grant specific jurisdiction: (1) whether the Defendants purposefully directed their activities at residents of the forum, and (2) whether this litigation is a result of alleged injuries arising out of or related to those activities. *Genetic Veterinary Sciences, Inc. v. Canine EIC Genetics, LLC*, No. 13-cv-422-TOR, 2014 WL 2894301, at *4 (E.D. Wash. June 25, 2014) (citing *Burger King v. Rudzewicz*, 471 U.S. 462, 472-73 (1985)). If these factors are met, the Court considers whether specific jurisdiction would comport with fair play and substantial justice under due process concerns. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 320 (1945).

When using affidavits, plaintiffs must demonstrate facts that if true would support jurisdiction. *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001). Any uncontroverted allegations in the complaint are taken as true; conflicts between parties' affidavits are resolved in plaintiff's favor; and the Court construes all evidentiary materials in the light most favorable to plaintiff. *Gordon v. Ascentive, LLC*, No. CV-05-5079-FVS, 2005 WL 3448025, at *1 (E.D. Wash. Dec. 15, 2005) (citing *Ochoa v. J.B. Martin & Sons Farms*, 287 F.3d 1182, 1187 (9th Cir. 2002)). //

**ORDER ON MOTIONS TO DISMISS ^ 2**

### *Defendant Marc Resnick*

The Court construes pro se Defendant Marc Resnick's Request for Dismissal, ECF No. 13, as a Fed. R. Civ. P. 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction. Per the affidavits and evidence presented, Mr. Resnick co-owned a Washington corporation, and directed Plaintiff to deposit funds into that corporation's Washington bank account. These funds are the funds alleged to have been fraudulently kept by Defendants. ECF No. 15 at 3; Compl. ¶¶ 1.3 & 3.1. This constitutes directing activities and conducting business in Washington; and the claims in the instant case arise from these actions. Defendant's blanket assertion that "all defendants in this claim live and operate their business in the state of California," ECF No. 13 at 1, is insufficient to overcome the Plaintiff's specific, sworn allegations establishing personal jurisdiction. RCW 4.28.185(1)(a) (granting personal jurisdiction upon "the transaction of any business within this state").

The Court next finds jurisdiction over Marc Resnick fair under due process concerns. The defendant has the burden to show personal jurisdiction would be unfair. *Core-Vent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Seven factors are considered: "(1) the extent of the defendants' purposeful interjection into the forum state[]; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendants' state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum." *Id.* The Court considers factors raised by the parties. *Id.*

First, Marc Resnick raises the second factor, claiming it will burden him to litigate the case from California. There is some merit to this; however, this concern must be balanced with the fact that Marc Resnick co-owned a business based in Washington State.

**ORDER ON MOTIONS TO DISMISS ^ 3**

Marc Resnick impliedly raises the third factor, when he alleged that the Orange County Sheriff's Department is investigating an alleged extortion involving some of the parties in this case. However, the Court finds civil litigation in the Eastern District of Washington will not limit California's ability to conduct a criminal investigation in California.

The final factor addressed by the parties involved the possibility of an alternative forum. Marc Resnick suggests he would welcome litigating this case in California. However, co-defendant's Chere Resnick and Kenvox US reside in Washington; as do the bank accounts in question in this litigation. The other California co-defendants, David and Jane Doe Herrera, are dismissed from this case. Thus, the superiority of an alternative forum is not clearly established.

Balancing these factors, the Court finds personal jurisdiction over defendant Marc Resnick is fair and comports with due process. Co-owning a Washington business should give Marc Resnick fair warning he may be haled into court in this forum. Thus, Marc Resnick's Request for Dismissal, ECF No. 13, is **denied**.

### *Defendants David Herrera and Jane Doe Herrera*

The Court next considers David and Jane Doe Herrera's 12(b)(2) Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 20. David and Jane Doe Herrera's sworn affidavit states they reside in California, have never lived in or been residents of Washington, and that their only connection to the case is that David Herrera contracted with Marc Resnick to ship watches from China to a U.S. state, not Washington State. ECF No. 20-2. In contrast, Plaintiff only makes bare assertions that David Herrera participated in the alleged conspiracy and the legal conclusion that Herrera conducted business in Washington. Compl. ¶ 3.14; ECF No. 15 at 3. Indeed, Plaintiff has made no specific reply to David Herrera's motion.

David and Jane Doe Herrera have shown they have no connection with Washington sufficient to establish specific jurisdiction in this case; their specific

**ORDER ON MOTIONS TO DISMISS ^ 4**

factual allegations defeat the bare assertions of Plaintiff. As a final point, the Court abides by current Ninth Circuit precedent prohibiting the "conspiracy theory of personal jurisdiction." *Chirila v. Conforte*, 47 Fed. App'x 838, 842-43 (9th Cir. 2002). Thus, David and Jane Doe Herrera's motion to dismiss, ECF No. 20, is **granted.**

### *Defendant Chere Resnick*

The Court now considers Defendant Chere Resnick's pro se "Request for Dismissal," ECF No. 18, which argues that Plaintiff Mirza Minds is "not in good standing" and thus is unable to sue, and that Kenvox US L.L.C. has been defunct since December 31, 2014, and thus is unable to be sued. The Court construes this request as a Fed. R. Civ. P. 12(b)(6) Motion to Dismiss.

Washington law holds that corporations can sue after dissolution if such suit is part of winding up the corporation's business and affairs. RCW 23B.14.050(2)(e); *Ballard Square Condo. Owners Ass'n v. Dynasty Const. Co.*, 158 Wn. 2d 603, 610 (2006) (en banc). Nevada provides largely the same. N.R.S. § 78.585(1) (two year statute of limitations).

In Washington, canceled or dissolved LLCs can be sued within three years of the dissolution. RCW 25.15.303; *Chadwick Farms Owners Ass'n v. FHC LLC*, 166 Wn. 2d 178, 193 (2009) (en banc). Chere Resnick states that Kenvox USA has been defunct since December 31, 2014. ECF No. 18 at 1. This places it well within the statute of limitations. *See also* N.R.S. § 86.505.

Even if this motion were meritorious, it would not excuse Defendant Chere Resnick from the case; it would only exclude the corporation. *See Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993) (only attorneys may appear on behalf of corporations); *Lloyd Enters., Inc. v. Longview Plumbing & Heating Co.*, 91 Wash. App. 697, 701 (1998) (same). Thus, for the above reasons, Chere Resnick's Request for Dismissal, ECF No. 18, is **denied**.

//

**ORDER ON MOTIONS TO DISMISS ^ 5**

Accordingly, **IT IS HEREBY ORDERED:**

1. **Defendant** Marc Resnick's Request for Dismissal, ECF No. 13, is **DENIED.**

2. Defendant Chere Resnick's Request for Dismissal, ECF No. 18, is **DENIED.**

3. Defendants David and Jane Doe Herrera's Motion to Dismiss for Lack of Personal Jurisdiction, ECF No. 20, is **GRANTED.** Defendants David and Jane Doe Herrera are dismissed from this case.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order and provide copies to counsel.

**DATED** this 3rd day of November, 2015.



Stanley A. Bastian
United States District Judge

**ORDER ON MOTIONS TO DISMISS ^ 6**