UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIRZA MINDS INC., an Illinois Corporation, D/B/A 1 FACE WATCH COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>KENVOX US L.L.C., a Nevada Corporation,  MARC RESNICK and JANE DOE RESNICK and the marital community composed thereof, CHERE RESNICK and JOHN DOE RESNICK and the marital community composed thereof, DAVID HERRERA and JANE DOE HERRERA and the marital community thereof, JOHN DOES 1-6 AND JANE DOES 1-6,<br><br>    Defendant. | No. 2:15-cv-00053-SAB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

Before the Court is Defendant Herreras' Motion for Award of Attorney's Fees and Costs, ECF No. 39. The Herreras filed their motion on November 14, 2015; Plaintiff Mirza Minds made no response within the 14 day time limit set by

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES ^ 1**

Local Rule 7.1(d), and the Court ordered Plaintiff to show cause why the fees should not be awarded. ECF No. 43. Plaintiff responded, ECF No. 44. The Court considered Defendant's motion, Plaintiff's response, the attached exhibits, and the pleadings and files of the case, and **grants** the motion.

Washington law allows an award of attorney's fees when a party is served outside the state and prevails on the action. RCW 4.28.185(5). The Court may grant fees in order to compensate parties for the added expenses of litigation as a result of Plaintiff's use of the long-arm statute. *Rains v. State Dept. of Soc. & Health Servs.*, 98 Wash. App. 127, 139 (2000). "Ultimately, the decision to award attorneys' fees under section 4.28.185(5) is within the trial court's sound discretion." *Amazon.com, Inc. v. Kalaydjian*, No. C00–1740, 2001 WL 1892190, at *1 (W.D. Wash. Mar. 27, 2001). Where a defendant does not have minimum contacts to justify personal jurisdiction, there is a "paradigm case for an award of fees under RCW 4.28.185(5)." *Scott Fetzer Co., Kirby Co. Div. v. Weeks*, 114 Wn.2d 109, 115-16 (1990).

The Herreras prevailed on their motion to dismiss, ECF No. 38, and the Court found there were no minimum contacts between the Herreras and Washington, presenting the paradigmatic case for an award of fees. A contention of good faith on part of Plaintiff is not enough to deny fees. *Confeccoes Texteis de Vouzela, Lda. V. Space Tech. Sys. Inc.*, 968 F.2d 1220, 1220 (9th Cir. 1992).

The Court further finds that Plaintiff was given an early opportunity to dismiss the Herreras from the case, but chose not to do so. Plaintiff did not respond to the motion to dismiss, or register its non-opposition. Additionally, Plaintiff did not answer the motion for fees within the motion deadline, responding only when ordered to show cause. The Herrera's fees, calculated under the lodestar method, represent a reasonable amount for the added costs and burdens of litigating in Washington, and the Court awards the requested amount in full. *Clausen v. Icicle Seafoods, Inc.*, 174 Wn.2d 70, 81 (2012).

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES ^ 2**

Moreover, the Court finds an award of fees under RCW 4.84.185 proper as well. Since Plaintiff presented no reasoning why the Herreras were included in the law suit, including Mr. Herrera could "not be supported by any rational argument on the law or facts." *Tiger Oil Corp. v. Dep't of Licensing*, 88 Wash. App. 925, 938 (1997).

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Herreras' Motion for Award of Attorney's Fees and Costs, ECF No. 39, is **GRANTED.**

2. The Court awards attorney's fees in the amount of $6,708.81, payable to David Herrera, against Plaintiff Mirza Minds, Inc.

**IT IS SO ORDERED.** The District Court Executive is hereby directed to file this Order, enter a judgment in the amount of $6,708.81 in favor of Defendant David Herrera, and provide copies to counsel.

**DATED** this 14th day of January, 2016.



_____
Stanley A. Bastian
United States District Judge

**ORDER GRANTING DEFENDANT'S MOTION FOR ATTORNEY'S FEES ^ 3**